Olga BROWNE, Plaintiff–Appellant,

v.

NEW YORK STATE OFFICE OF MENTAL HEALTH; Bronx Psychiatric Center; The New York State Department of Civil Service; New York State Department of Audit Control, Defendants–Appellees.

No. 00–9124.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Olga Browne, Wheatley Heights, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York; Mark Gimpel and Michael S. Belohlavek, Deputies Solicitor General, and Patrick J. Walsh, Assistant Solicitor General, of counsel, New York, NY, for defendants-appellees.

Present WINTER, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Olga Browne, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (John S. Martin, *Judge* ) granting summary judgment in favor of defendants-appellees and dismissing her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Ms. Browne, a black woman who was born in Panama to parents who were Jamaican citizens, alleged that the defendants-appellees failed to promote her, treated her unequally in the terms and conditions of her employment, and retaliated against her based on her race, gender, national origin, and color. The District Court held that her claims relating to incidents that occurred prior to September 1995 were time-barred. The District Court also found that the remaining incidents were not actionable because they did not amount to adverse employment actions.

On appeal, Ms. Browne argues that her claims are not subject to any statute of limitations because they allege continuing discrimination based on an ongoing pattern of abuse, and that she presented a *prima facie* case of discrimination and retaliation sufficient to survive summary judgment.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999), *cert. denied*, 529 U.S. 1109, 120 S.Ct. 1959, 146 L.Ed.2d 794 (2000).

■ The District Court correctly determined that the majority of the allegations in Ms. Browne's complaint, including her failure to promote claim, were time-barred because the discriminatory acts she alleged occurred more than 300 days prior to her having filed a complaint with the New York State Division of Human Rights. *See* 42 U.S.C. § 2000e–5(e)(1). Although not specifically addressed by the District Court, Ms. Browne's claims do not fit within the "continuing violation" exception, which extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if the individual acts would themselves be time-barred. Ms. Browne, however, has failed to identify an ongoing policy of discrimination or to establish that the untimely incidents of discrimination were continuous in time with one another or with the timely acts she alleged. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765–66 (2d Cir.1998).

■ The District Court properly dismissed Ms. Browne's timely claims as well. Ms. Browne failed to refute that there had been no vacancies in a position to which she could have been promoted since 1987. The District Court also properly dismissed Ms. Browne's remaining claims that (1) she was improperly directed to prepare an initial nutritional evaluation of a patient well after the time by which such evaluation should have been prepared; (2) her employer improperly discussed her past performance record at an administrative hearing; and (3) her employer improperly prepared her employee evaluation in 1999. As the District Court correctly found, Ms. Browne failed to establish that she suffered an adverse employment action, as required to state a *prima facie* case of discrimination or retaliation under Title VII. *See, e.g., Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565–66 (2d Cir.2000) (summarizing *prima facie* requirements, including the requirement that an adverse employment action occurred, for failure to promote and retaliation claims).

Moreover, the factual issues raised by Ms. Browne did not preclude summary judgment because they were not material to the legal issues raised in her case. Accordingly, the judgment of the District Court is hereby AFFIRMED.